IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

SHELLY COONE,                    )
                                 )
        Plaintiff,                )
                                 )      Civil Action
    vs.                          )      No. 10-6135-CV-SJ-JCE-SSA
                                 )
                                 )
MICHAEL J. ASTRUE, Commissioner  )
of Social Security,              )
                                 )
        Defendant.                )

**O R D E R**

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and her application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary. Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

1

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski. The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814

(8th Cir. 1994).

## Discussion

Claimant was born February 12, 1971, and graduated from high school. Her classes were all special education. Her prior employments includes in-home care for a disabled individual; machine work at Diversified Plastic Corporation, and employment at Ryan's Restaurant Group, which included prepping five salad bars and cleaning at closing time. There was one additional short employment at another family steakhouse. She alleges a disability from two ruptured vertebrae in her lower back, as well as a learning disability, depression and anxiety.

It was the finding of the ALJ that:

1. Claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. Claimant has not engaged in substantial gainful activity since September 30, 2004, her alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq.*)

3. Claimant has the following severe impairments: Borderline intellectual functioning (BIF); major depressive disorder versus dysthymia; pain disorder associated with both psychological factors and a general medical condition; and chronic low back and leg pain secondary to degenerative disc disease (DDD) of the lumbar spine (20 CFR §§ 404.1520( c) and 416.920 ( c)).

4. Claimant does not have an impairment or combination of impairments that meets or medically equals on of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to do the following: She can lift or carry a maximum of 20 pounds frequently and up to 30 pounds occasionally. Claimant can sit, stand, or walk for 6 hours each in an 8-hour workday. She can never climb ladders, ropes or scaffolds. Claimant can occasionally stoop, kneel, crouch and crawl. Mentally, she should never be expected to understand, remember, or carry out detailed instructions. Her job duties should be simple, routine, and repetitive in nature. Claimant should have no duties which require contact with the public or with co-workers when such contact would be more than

3

Case 5:10-cv-06135-JCE   Document 13   Filed 03/23/12   Page 3 of 5

incidental in nature.

6. Claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. Claimant was born on December 12, 1971, and was 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR §§ 404.1563 and 416.963).

8. Claimant has at least a high school education and is able to communicate in English (20 CFR §§ 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because claimant's past relevant work is unskilled (20 CFR §§ 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569 (a), 416.969, and 416.969(a)).

11. Claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2004, through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

Claimant asserts that the ALJ erred by failing to properly consider claimant's multiple IQ scores and by finding that claimant did not meet the criteria of Listing 12.05( C ).

The plaintiff had several IQ scores prior to the age of 22 that would qualify for a Listing under 12.05 ( C ). The ALJ's rationale for the conclusion that she did not qualify for the Listing is based upon the opinions of psychologists who concluded that she suffers from borderline mental functioning, but not mental retardation. In the brief in support of this finding, the defendant acknowledges that the legal and medical definition are not identical. In addition to the opinions state above, the ALJ found that plaintiff had adaptive functioning inconsistent with the requirements of the Listing. However, to support that conclusion, the ALJ again listed the IQ scores, but does not explain how those justify the conclusion regarding adaptability. The ALJ

4

finally cites plaintiff's work history as evidence of adaptability.  In view of the IQ scores and the nature of that work, however, the finding of adaptability is not supported by the record as a whole.

Plaintiff's description of her limitations as a result of the mental condition are consistent with the record as a whole.  She cannot drive.  She has difficulty with concentration.  She cries when she becomes worried or depressed and, on those occasions, will go through the day without getting dressed.  She has difficulty reading or reading a regular clock.  These restrictions are credible because they are supported by the record as a whole.

Because the ALJ erred in the finding that plaintiff did not meet the Listing of 12.05 ( C ), the Court is convinced that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met his burden of establishing that he suffers from a combination of impairments that render her disabled.  Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted.  It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

    /s/ James C. England  
    JAMES C. ENGLAND  
United States Magistrate Judge

Date: March 23, 2012